IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RONALD SATISH EMRIT,

      Plaintiff,

v.                                                          CASE NO. 1:20-cv-34-AW-GRJ

BETSY DEVOS, DEFAULT
RESOLUTION GROUP, NELNET
and ACTION FINANCIAL SERVICES,

      Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

      Plaintiff initiated this case by filing a *pro se* complaint, ECF No. 1, and

a motion for leave to proceed as a pauper, ECF No. 3.  The Court finds that

leave to proceed as a pauper should be granted.  For the following

reasons, it is recommended that Plaintiff's Complaint be dismissed as

frivolous pursuant to the *sua sponte* screening provisions of the *in forma*

*pauperis* statute, 28 U.S.C. § 1915(e)(2)(B).

      Under § 1915(e)(2)(B), the Court may dismiss a case at any time if

the Court determines that the allegation of poverty is untrue, or the action is

frivolous, malicious, fails to state a claim upon which relief can be granted,

or seeks monetary relief against a defendant who is immune from such

relief.  28 U.S.C § 1915(e)(2).  "A claim is frivolous if it is without arguable

merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hospital*, 898 F.2d 126,129 (11th Cir. 1990)).  A dismissal as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B)(i) is appropriate when a complaint presents legal theories that are "indisputably meritless," or when the claims rely on factual allegations which are  "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

This is Plaintiff's fourth lawsuit filed in this district.  *See Emrit v. Florida Board of Bar Examiners,* Case No. 4:14-cv-157-RH-CAS (N.D. Fla. 9/18/14) (dismissing case at screening for failure to state a claim pursuant to § 1915(e)(2)(B)); *Emrit v. Florida Secretary of State et al.,* Case No. 4:16-cv-718-WS-CAS (N.D. Fla. 2/6/17) (dismissing case for failure to prosecute); *Emrit v. Federal Bureau of Investigation,* Case No. 1:20-cv-31-AW-GRJ (N.D. Fla. 3/3/20) (Report and Recommendation recommending dismissal as frivolous pursuant to § 1915(e)(2)(B)).  While this is a relatively modest number, the Court takes judicial notice that Plaintiff has been recognized as a "serial *pro se* filer of frivolous complaints in federal court." *Emrit v. DeVos et al.*, Case No. Case No. 2:20-cv-52 (S.D. Tex. 2/19/20) (Memorandum and Recommendation recommending dismissal as frivolous), (citing *Emrit v. Federal Bureau of Investigation,*  2020 WL 731171 *1 n.1 (S.D. Cal. 2/13/20) (discussing Plaintiff's extensive history of

filing frivolous complaints)).  A review of the Court's PACER case index reflects that Plaintiff has filed some 260 *pro se* civil cases in federal courts throughout the United States.

Moreover, Plaintiff has an apparent penchant for filing the same case simultaneously in multiple districts.  This case is an example.  Liberally construed, Plaintiff claims in the Complaint that as a result of student loans being placed in default, his Social Security disability checks are subject to a 15% garnishment.  ECF No. 1.  Plaintiff contends that the garnishment amounts to: (1) breach of contract; (2) violation of his equal protection rights under the Fifth and Fourteenth Amendments; (3) violation of his due process rights under the Fifth and Fourteenth Amendments; (4) violation of the privileges and immunities clause; (5) violation of 42 U.S.C. § 1983; (5) violation of Title VII of the Civil Rights Act of 1964; (6) violation of the Americans With Disabilities Act ("ADA"); (7) negligence; (8) intentional infliction of emotional distress; and (9) tortious invasion of privacy. *Id.* at 11-22.

As of this date, Plaintiff has filed the identical complaint in the following jurisdictions:  *Emrit v. DeVos et al.,* Case No. 1:20-cv-183-LJV (W.D. NY) (filed 2/10/20); *Emrit v. DeVos et al.,* Case No. 8:20-cv-61-RGK-PRSE (D. Neb.) (filed 2/10/20); *Emrit v. DeVos et al.,* Case No.3:20-cv-

266-JAH-BLM (S.D. Cal.) (filed 2/10/20); *Emrit v. DeVos et al.,* Case No.1:20-cv-417-UNA (D. D.C.) (filed 2/11/20); *Emrit v. DeVos et al.,* Case No.1:20-cv-49-MJT-ZJH (E.D. Tex.) (filed 2/11/20); *Emrit v. DeVos et al.,* Case No. 2:20-cv-52 (S.D. Tex.) (filed 2/19/20); *Emrit v. DeVos et al.,* Case No. Case No. 2:20-cv-990-MSG (E.D. Pa.) (filed 2/20/20).

It is clearly improper and an abuse of the judicial process to pursue identical claims in multiple jurisdictions. Most of these cases are at the initial screening stage pursuant to the *in forma pauperis* statute. In the Western District of New York case, Plaintiff has been ordered to show cause as to why the case should not be dismissed for lack of jurisdiction and improper venue. *Emrit v. DeVos et al.,* Case No. 1:20-cv-183-LJV, ECF No. 3. In the Southern District of Texas case, a U.S. Magistrate Judge has recommended that the complaint be dismissed as frivolous and that Plaintiff be warned that the filing of frivolous complaints will result in the imposition of sanctions, including filing restrictions. *Emrit v. DeVos et al.,* Case No. 2:20-cv-52, ECF No. 2.

This Court is persuaded by the reasoning of the Southern District of Texas in concluding that Plaintiff's claims are due to be dismissed as frivolous. As that court explained, even liberally construed Plaintiff's claims are conclusory and patently frivolous. *Id.* at 3, *see* ECF No.1. The Texas

court concluded:

> In each claim, Emrit recites the relevant law, but does not draw a
> connection between the factual allegations in his complaint and any
> of the legal claims. (*See* [Complaint]). First, Emrit does not identify
> any contract that has been breached. (*Id.* at 11-14). Second, Emrit's
> constitutional and Title VII claims are based on the fact that he is
> African-American, but he draws no connection between his race and
> the garnishment of his disability checks beyond the conclusory
> contention that he is entitled to strict scrutiny. (*Id.* at 14-18). Third,
> while Emrit adequately alleges that he is disabled, his sole claim is
> that the garnishment of his disability checks violates the ADA, but
> there is no legal basis for this claim. (*Id.* at 18-19); *Lockhart v. United
> States*, 546 U.S. 142, 145-46 (2005) (stating that Social Security
> benefits are subject to government withholding to offset defaulted
> student loans). Finally, Emrit's three tort claims for negligence,
> intentional infliction of emotional distress, and tortious invasion of
> privacy merely recite the legal standards for those claims and, even
> liberally construed, do not draw a connection between the necessary
> elements of each claim and his factual allegations. [Complaint at 19-
> 22].

*Id.* at 3.  Because Plaintiff's allegations are conclusory and lack an

arguable basis in law and fact, the court recommended that the complaint

be dismissed as frivolous pursuant to § 1915(e)(2)(B), and that a sanction

warning issue.  *Id.* at 3-4.

This Court also finds that Plaintiff's claims are frivolous.  Even if

Plaintiff's claims were not frivolous, he has failed to establish that the

Northern District of Florida is the proper venue for his Complaint.  Plaintiff

states in the Complaint that:

> The plaintiff is filing the cause of action in the U.S. District Courts of
> Southern Florida, Middle Florida, and Northern Florida because of the

fact that the plaintiff attended law school . . . in Miama [sic] Gardens, Florida and also took the bar exam at Ybor City in Tampa, Florida in 2004 (which is administered by the Florida Board of Bar Examiners domiciled in Tallahassee, Florida in the Northern District of Florida). The plaintiff also took the Multi-state Professional Responsibility Exam (MPRE) . . . in Fort Lauderdale back in 2005.

ECF No. 1 at 3.

A review of the Court's PACER index does not reflect that Plaintiff has filed this Complaint in any other district court in Florida. According to the Complaint, the named Defendants are residents of Washington, D.C. (Secretary DeVos, Department of Education); Greenville, TX (Default Resolution Group); Lincoln, Nebraska (NelNet); and either Central Point or Medford, Oregon (Action Financial Services, Inc.). ECF No. 1 at 3-4.

Under 28 U.S.C. § 1391(b), cases arising under federal law may be brought only in a district where: (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought under (1) or (2), any judicial district in which the defendants are subject to the court's personal jurisdiction with respect to the action. 28 U.S.C. § 1391(b).

There are no factual allegations suggesting that any of the named Defendants would be subject to this Court's personal jurisdiction such that

venue would be proper in the Northern District of Florida.  To the extent
Plaintiff contends that a substantial part of the events giving rise to his
claim occurred in this District because the Florida Board of Bar Examiners
are "domiciled in Tallahassee, Florida", the Florida Board of Bar Examiners
is not a named Defendant in this case and nothing in the Complaint
suggests that Plaintiff would have any cognizable claim against the Board
stemming from his student loan default and subsequent garnishment.

Plaintiff claims residency in Sarasota, Florida, and therefore it is
theoretically possible that venue would properly lie in the Middle District of
Florida.  *See* ECF No. 1 at 3.  While the Court has the authority to transfer
a civil case, in the interest of justice, to any district or division where it might
have been brought, *see* 28 U.S.C. § 1404(a), in view of the patent frivolity
of Plaintiff's claims and his abuse of the judicial process in filing identical
claims in multiple jurisdictions, transfer is not warranted.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to
proceed as a pauper, ECF No. 3, is **GRANTED.**

For the foregoing reasons, it is respectfully **RECOMMENDED** that the
Complaint, ECF No. 1, should be **DISMISSED** as frivolous pursuant to 28
U.S.C § 1915(e)(2)(B)(i), as an abuse of the judicial process, and for
improper venue.  Plaintiff should be **WARNED** that the filing of frivolous

lawsuits in this district will result in the imposition of sanctions, including

monetary sanctions and filing restrictions.

    **IN CHAMBERS**  this 4th day of March 2020.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**